IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LATIN AMERICAN
MUSIC CO., INC., et al.,
Plaintiffs

v.     CIVIL NO. 06-1582(DRD)

JOE RAMOS, et al.,
Defendants

### ORDER OF DISMISSAL

Pending before the Court is plaintiffs, Latin American Music Co., Inc. (LAMCO), and ACEMLA de Puerto Rico (ACEMLA), *Verified Complaint* (Docket No. 1) and *Motion for a Preliminary Injunction* (Docket No. 7) moving the Court to enjoin co-defendants from infringing plaintiffs' composers rights pursuant to the Copyrights laws of the United States. Plaintiffs sustain that co-defendants have engaged in a pattern of performing and synchronizing songs which exclusive and non-exclusive copyrights belongs to LAMCO and ACEMLA hence resulting in an infringement of composers' rights represented by them. In other words, plaintiffs sustain that defendants have broadcasted television programs containing unauthorized copyrighted musical works without providing adequate royalty payments hence infringing on the rights of composers represented by plaintiffs.

Notwithstanding the instant claim, the Court takes judicial notice that within this district court, plaintiffs had filed another case against the named defendants alleging identical causes of action as in the instant complaint.[1] The only relevant difference amongst both claims is firstly, the alleged copyrights infringed, and the dates the infringement took place. Furthermore, the Court notes that in the case pending before District Judge Aida Delgado, instant plaintiffs filed an informative motion at Docket Entry No. 101, informing the court that the instant claim had been filed due to the "defendants' continued temerity".

Therefore, after a detailed reading of the instant *Verified Complaint* (Docket No. 1) and *Verified Motion* (Docket No. 7), and the documents attached therein, the Court finds that plaintiff is in violation of Local Civil Rule 3.2(d), inasmuch plaintiffs have failed to inform the Court, at the time of the instant filing, that a related case is pending before another court within this district.[2] The

---

[1] See *Latin American Music Co., Inc., et al., v. Televicentro de Puerto Rico*, 04-1163(ADC).

[2] **Local Civil rule 3.2(d)** mandates that: "[u]pon filing, a party must indicate whether a case is related to a pending case, by listing the title and number of the related action in the Category Sheet. An action is deemed related to another if:
(1) both actions involve the same parties and are based on the same or a similar claim; or
(2) both actions involve the same property, transaction, or event;
(3) both actions involve similar questions of act and the same question of law and their assignment to the same district judge is likely to effectuate a substantial saving of judicial effort."

Court notes that plaintiffs scarce averments contained in the *Verified Complaint* and *Verified Motion* simply relates to general statements that in 04-1163(ADC) the Court found that defendants had infringed plaintiffs' copyrights on twenty-three (23) occasions (06-1582, *Verified Complaint*, Docket No. 1 ¶11); that between the filing of 04-1163(ADC) and the instant case, defendants have continued to infringe plaintiffs' copyrights (06-1582, *Verified Complaint*, Docket No. 1 ¶12); that after partial summary judgment was entered on behalf of plaintiffs, defendants' counsel approached plaintiffs to indicate their desire to obtain a license and settling civil no. 04-1163(ADC)(06-1582, *Verified Complaint*, Docket No. 1 ¶13); that despite the purported desire, defendants failed to make any offer to settle civil no. 04-1163(ADC) nor an offering was made to obtain a license (06-1582, *Verified Complaint*, Docket No. 1 ¶14); that plaintiffs have been obligated to file the instant case despite repeated findings of infringement of plaintiffs' copyrights (06-1582, *Verified Motion*, Docket No. 7 ¶1); and that District Judge Aida Delgado has already put on notice the defendants of the alleged copyrights infringement (06-1582, *Verified Motion*, Docket No. ¶2). The only substantive new matter alleged aside from reiterated violations is that in the instant case individual personal violations are now alleged. Evidently, the averments made by plaintiffs in their motion do not meet the threshold established by Local Civil Rule 3.2(d).

However, the undersigned is troubled with the plaintiffs' counsel behavior displayed inasmuch it is deemed unnecessary that a second complaint had to be filed alleging the same factual issues as alleged in the original complaint (Civil No. 04-1163(ADC)). Furthermore, if defendants continued to violate plaintiffs' rights, defendants' actions should have been brought to the attention of District Judge Aida Delgado since she had provided a ruling as to defendants' actions and their potential liability. Hence, it is deemed by the undersigned that plaintiffs' actions could amount to judge-shopping, simply because it appears that counsel has attempted to manipulate the random case assignment process by filing a second claim and even further by expressly failing to comply with Local Civil Rule 3,2(d). However, the Court at this time does not make a finding as to judge-shopping but forewarns plaintiffs not to repeat said conduct.

Therefore, since the instant case is based on the same factual scenario that gave rise to the previously described action pending before District Judge Aida Delgado, and invokes identical questions of law, issues that must have been patent to the filing attorneys. Understanding that the dismissal of the instant case and having District Judge Aida Delgado entertain said claims since they are identical to Civil No. 04-1163(ADC) being currently entertained by Judge Delgado hence resulting in accelerating the adjudication of plaintiffs' claims and effectuate a substantial saving of judicial efforts, the Court now **DISMISSES WITHOUT PREJUDICE** the instant case. Further, plaintiffs's additional claims filed in the captioned case should subsequently filed before District Judge Aida Delgado as a potential amendment to the complaint in Civil No. 06-1163 (ADC), including the individual personal liability. **Judgment** shall be entered accordingly.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 13th day of July 2006.

S/DANIEL R. DOMINGUEZ
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE